UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MICHAEL QUINONES,                                           :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                            Plaintiff,                      :
                                                            :
            - against -                                     :   17-cv-7508 (BMC)
                                                            :
AECOM/HUNT CONSTRUCTION and JOHN                            :
DUH,                                                        :
                                                            :
                            Defendants.                     :
----------------------------------------------------------- X

**COGAN**, District Judge.

   This is plaintiff's second effort to bring employment-discrimination claims under a "joint employer" theory against a company and its manager that were not his direct employers. In the first case, I dismissed his federal claims for failure to plead a plausible joint-employer claim, and I declined to exercise jurisdiction over his state-law claims, dismissing them without prejudice. Plaintiff did not advise me, however, that I had diversity jurisdiction. Had he so advised me, I would not, and indeed, could not, have dismissed his state-law claims. Instead, plaintiff commenced a new action in state court based on his state-law claims.

   Defendants timely removed the case to this Court on the basis of diversity jurisdiction, and plaintiff does not contest that there is and always has been a basis for diversity jurisdiction. Defendants have moved to dismiss on the ground, *inter alia*, of collateral estoppel. Plaintiff claims that collateral estoppel does not apply because I dismissed his state-law claims without prejudice.

The more appropriate characterization of the defense would be *res judicata* (claim preclusion), rather than collateral estoppel (issue preclusion), but it is a valid defense. *Res judicata* bars not only claims arising out of the same transaction that could have been brought, but also claims based on theories of subject-matter jurisdiction that would have formed an independent basis to hear state-law claims in the prior action.

I addressed this issue in Boyd v. J.E. Robert Co., Inc., 15 Civ 2302, 2016 WL 1359521 (E.D.N.Y. March 3, 2016), aff'd sub nom. Boyd v. NYCTL 1996-1 Tr., 697 F. App'x 720 (2d Cir. 2017), which presented similar facts. The plaintiff in Boyd had brought an action under the Fair Debt Collection Practices Act and corresponding provisions of state law. Judge Matsumoto dismissed the federal claims under Rule 12(b)(6) and declined to exercise supplemental jurisdiction over the state claims. The plaintiff then recommenced the state-law claims before me, with jurisdiction based, in relevant part, on the Class Action Fairness Act, which itself is dependent on a form of diversity jurisdiction. I concluded that "when a plaintiff has an available theory of subject matter jurisdiction for his claims and fails to allege it, he cannot assert that theory in a subsequent action arising out of the same nucleus of operative facts." Id. at *2. The Second Circuit agreed, holding that "[t]he plaintiffs attempt to use the dismissal of Boyd I 'without prejudice' to evade the bar of res judicata. We reject the 'without prejudice' argument." 697 F. App'x at 722. Thus, notwithstanding that Judge Matsumoto had dismissed the plaintiff's claims without prejudice, the claims were barred because there was a basis for retaining jurisdiction of them in the first action which plaintiff had failed to plead.

Both the Second Circuit and I relied on the First Circuit's decision in Kale v. Combined Insurance Co. of America, 924 F.2d 1161 (1st Cir. 1991), which is on all fours with this case. In Kale, the plaintiff brought federal and state employment-discrimination claims. The district

2

court granted summary judgment on the federal claims, and declined to exercise supplemental jurisdiction over the state-law claims. The plaintiff then recommenced the state-law claims in state court, and defendant removed the case to federal court based on diversity jurisdiction. The First Circuit held that *res judicata* barred those claims, even though the district court, in the first action, had dismissed them without prejudice:

> [I]t necessarily follows that a particular legal theory not pressed in the original suit will nonetheless be precluded in the subsequent one if it prescinds from the same set of operative facts. In this way, the law prevents a litigant from claim-splitting, requiring that he "assert all his various legal theories and factually related allegations the first time he brings suit." . . . It is nose-on-the-face plain that the claims in Kale II stemmed from the same transactional hub as the claims previously mounted in Kale I. Though dressed in somewhat different garb, the claims all sought recovery in consequence of the same occurrence: defendant's unilateral termination of the plaintiff's employment.

Kale, 924 F.2d at 1166 (internal citations omitted); accord Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1364-68 (7th Cir. 1988); cf. Epperson v. Entm't Express, Inc., 242 F.3d 100, 108-10 (2d Cir. 2001) (declining to apply *res judicata* to second action where jurisdictional grounds for second action were not available at the time the first action was dismissed).

There was nothing preventing plaintiff from having his state-law claims heard in the first action except his own failure to invoke diversity jurisdiction. Accordingly, defendants' motion is granted, and the complaint is dismissed.

**SO ORDERED.**

                                                                                      U.S.D.J.

Dated: Brooklyn, New York
       February 5, 2018